GROOM v. WITTMANN et al.

(Circuit Court, D. New Jersey. October 24, 1908.)

EQUITY (§ 150*)—PLEADING—MULTIFARIOUSNESS OF BILL.

A bill in equity against a corporation and another, one purpose of which is to establish complainant's equitable interest in certain lands the title to which is in the corporation and to recover such interest, and another to recover damages from the other defendant for breach of a contract to which the corporation is not a party, and in which it has no interest, is demurrable for multifariousness.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 342, 371; Dec. Dig. § 150.*]

In Equity. On demurrer to bill.

David W. Armstrong, for complainant.
R. V. Lindabury, for defendant Mortimer Land Co.

LANNING, District Judge. The causes of demurrer specified by the defendant the Mortimer Land Company are multifariousness and want of equity in the bill of complaint. The complainant seeks to secure by his bill a decree adjudging that a tract of land in Texas, of 25,280 acres, the legal title to which is vested in the Mortimer Land Company, is held by that company in trust for the equal benefit of the complainant and the defendant Mrs. Eleanor C. Wittmann, and also adjudging that the complainant is entitled to an accounting by Mrs. Wittmann of the profits, of which he alleges he has been deprived by the failure of Mrs. Wittmann's testator to purchase a second tract of 30,720 acres of land lying contiguous to the above-mentioned tract of 25,280 acres. The ground upon which the decree is sought is an oral contract made in 1897 by the complainant and Mrs. Wittmann's testator, the purport of which was (1) that Mrs. Wittmann's testator would purchase all the capital stock of the Mortimer Land Company, except what was then owned by the complainant and Mrs. Wittmann's testator; (2) that he would purchase the second tract of land above referred to; (3) that the complainant should develop both tracts; and (4) that after the moneys advanced by Mrs. Wittmann's testator had been refunded, with interest, the land in the two tracts and all profits of the business should be equally divided between the complainant and Mrs. Wittmann's testator. Other relief is prayed for by the bill, which it is not now necessary to mention.

It is conceded that the Mortimer Land Company is a stranger to the oral contract, and that it has no interest, direct or indirect, in the second tract of land. The situation is this: The complainant alleges that Mrs. Wittmann's testator did in fact purchase the capital stock of the land company which by the oral contract of 1897 he agreed to purchase, but that, although he secured an option for the purchase of the second tract of land, which continued for several years, and although the complainant entered upon both tracts and spent several years in developing them, Mrs. Wittmann's testator finally allowed the option for the purchase of the second tract to expire without exercising his right of purchase. The complainant therefore insists that by

virtue of the provisions of the oral contract he should have a decree adjudging, first, that he is entitled to one-half of the lands of the land company; and, second, that Mrs. Wittmann should pay him a sum equal to the profits he would have realized if Mrs. Wittman's testator had purchased the second tract of land. Here, then are two separate and distinct claims; one arising out of an alleged equitable interest in the tract of land, the title to which is vested in the land company, and the other being a claim for damages for breach of the oral contract by Mrs. Wittmann's testator's failure to purchase the second tract.

Assuming that the former of these two claims may be adjudicated, and that the corporation may be stripped of its property, without regard to the claims of its creditors, if it has any, and in the absence of a proceeding intended to wind up its affairs, and assuming, too, that equity had jurisdiction of the latter of the claims, they are clearly claims that, if they be enforceable at all, are enforceable in separate proceedings. While the fact that a bill embodies claims that may be enforced in separate suits is not, in and of itself, sufficient to uphold the defense of multifariousness, it is sufficient where it also appears that they are so separate and distinct in their natures that they cannot be united in one general object. This principle is well established by the authorities cited in the briefs of both counsel. In the case in hand the land company contends, by its demurrer, that it ought not to be required to defend a suit one object of which is to strip it of its lands, on the ground of the complainant's alleged equitable interest therein, and the other of which is to recover damages against another party for the breach of a contract to which the land company is not a party and in which it has no interest. While no hard and fast rule can be given for distinguishing between bills that are and those that are not multifarious, I have been referred to no case where claims so utterly unrelated, and so incapable of being brought together for the enforcement of one general right, have been permitted to stand together in a single bill.

Without considering the objection that the bill is bad for want of equity, there will be an order sustaining the demurrer on the ground of the multifariousness of the bill.